## BARTON *et al. v.* HUGHES.

The evidence authorized the verdict, and there was no error requiring the granting of a new trial.

Argued June 16, — Decided June 29, 1903.

Complaint.   Before Judge Gober.   Cherokee superior court.
September 22, 1902.

*P. P. DuPre* and *J. D. Bradwell*, for plaintiffs in error.
*G. I. Teasley* and *D. W. Blair*, contra.

COBB, J.   Hughes sued four Bartons upon two promissory notes.
Two of the Bartons resided in Canton, and two in Atlanta.    The
plaintiff had agreed to sell a stock of goods to the Canton Bartons,
provided they would give notes signed by themselves and the At-
lanta Bartons.    The notes were signed by the four Bartons and
were tendered to Hughes, who declined to receive them, objecting
to the time of maturity.   Subsequently, according to the testimony
of Hughes in about a week, and according to the testimony of the
Bartons in about a month, Hughes went to one of the Canton Bar-
tons and told him that he had decided to take the notes; and be-
ing informed by Barton that the notes were in the latter's desk,
Hughes went in where the desk was and took possession of the
notes.   The Atlanta Bartons had been notified before Hughes took
possession of the notes that he had refused to receive them.    Un-
der the evidence the jury were authorized to find that the Canton
Bartons were agents of the Atlanta Bartons to deliver the notes,
and that each Canton Barton was the agent for the other for this
purpose; and they were also authorized to find that there had
been a delivery of the notes by one of the Canton Bartons to Hughes.
There was no express ratification by the Atlanta Bartons of the act
of the Canton Barton in delivering the notes after they had been
notified that Hughes had declined to receive them, but there was
nothing in the circumstances requiring the jury to find that the
Atlanta Bartons had withdrawn the authority to deliver the notes.
While the evidence authorized a finding either way, and probably
the preponderance of the evidence was against the verdict, viewing
the evidence in its most favorable light for the plaintiff and giving
the verdict the benefit of all inferences that might be drawn from
the evidence to support such a finding, we can not say that the ver-
dict is entirely unauthorized.    The evidence demanded a finding
that there was originally authority to deliver, and there was, to say
the least of it, some evidence to authorize a finding that this au-
thority had never been withdrawn before the plaintiff finally with-
drew his objections to the notes and accepted them in the condi-

tion in which they were tendered. The Atlanta Bartons claim that their risk as sureties was increased by the fact that they had an arrangement with the Canton Bartons by which the latter were to give the former a mortgage upon a stock of goods to indemnify them against loss, and that they were not notified of the delivery of the notes until after one of the Canton Bartons had been adjudicated a bankrupt, and that their right to indemnity was thus lost. If the Canton Barton who delivered the notes to Hughes was the authorized agent of the Atlanta Bartons for that purpose (and, as we have shown, the jury were authorized so to find), Hughes is not to be prejudiced in any of his rights as holder of the notes by the failure of the Canton Bartons to notify their principals that the notes had been delivered. There was nothing in the evidence requiring the granting of a new trial on the general grounds. Nor do we think that any of the assignments of error in the special grounds of the motion required a new trial. While the judge did not give to the jury the form of their verdict in the event they should find for the defendants or any of them, he did tell them that they should express by their verdict whether they found against part or all of the defendants, concluding his charge on the subject in the following words: "In other words, express by your verdict exactly what you find." Of course, it was an oversight on the part of the judge in not giving the form of the verdict, but we do not think this was such an error as would require the granting of a new trial, in the light of what was said by the judge as above quoted. We see no reason for reversing the judgment. 　　　*Judgment affirmed. All the Justices concur.*